United States District Court
Western District of Wisconsin

FILED/REC'D
26 MAR -2 A 10:59
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

**MARILYN MAY SLONIKER,**
Trustee of the Marilyn May Sloniker Living Trust,
*Plaintiff,*

**EDUCATORS CREDIT UNION;**
**INFINITY ASSETS LLC;**
**TODD SALLINGER;**
and **DOES 1–10,**
*Defendants.*

26-cv-181-wmc

Case No.: ___
Code No.: ~~30404~~ 220

# VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, QUIET TITLE, AND INJUNCTIVE RELIEF

**Comes now** Plaintiff, Marilyn May Sloniker, as Trustee of the Marilyn May Sloniker Living Trust, appearing *in propria persona*, and brings this action for declaratory judgment, quiet title, and injunctive relief against the above-named Defendants, and in support thereof alleges as follows:

## I. PARTIES

1. Plaintiff Marilyn May Sloniker is the duly appointed and acting Trustee of the Marilyn May Sloniker Living Trust, a lawfully established trust under the laws of the State of Wisconsin. As Trustee, Plaintiff holds legal and equitable title to the real property commonly known as 2655 Jerry Thomas Parkway, Beloit, Wisconsin 53511, and has continuously managed, maintained, and overseen said property since its acquisition on July 21, 2021.

2. Defendant Educators Credit Union ("ECU") is a Wisconsin financial institution authorized to conduct business in the State of Wisconsin. ECU initiated foreclosure proceedings against the subject property, resulting in Case No. 2023CV001076 in the Rock County Circuit Court.

3. Defendant Infinity Assets LLC is a Wisconsin limited liability company claiming an interest in the subject property by virtue of a purported sheriff's deed executed following a foreclosure sale conducted in Case No. 2023CV001076.
4. Defendant Todd Sallinger is the managing member of Infinity Assets LLC and has participated directly in asserting control over the subject property, including actions taken to dispossess Plaintiff and her lawful tenant.
5. Defendants Does 1–10 are unknown persons or entities who may claim some interest in the subject property or who have been involved in enforcing or benefiting from the void foreclosure judgment and sheriff's deed. Plaintiff will amend this Complaint to identify these parties by true name and capacity when such information becomes known through discovery.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to Wisconsin Statutes § 806.04 (declaratory judgments) and § 841.01 (actions to determine interests in real property).
2. This Court has personal jurisdiction over all named Defendants because they have conducted business in Rock County, Wisconsin, and the claims arise from actions taken within Rock County concerning real property located within Rock County.
3. Venue is proper in Rock County pursuant to Wisconsin Statutes § 801.50 because the subject property is located in Rock County, the foreclosure action was filed in Rock County, and the acts and omissions complained of occurred in Rock County.

## III. PROPERTY IDENTIFICATION

1. The subject property of this action is real property located at:

**2655 Jerry Thomas Parkway**
**Beloit, Wisconsin 53511**
**Parcel No.: 206 21860 045**

1. The full legal description of the subject property is:

**Lot 85, Parkmeadow North Plat No. 3, City of Beloit, County of Rock, State of Wisconsin.**

1. Title to the subject property stands in the name of the Marilyn May Sloniker Living Trust, of which Plaintiff is the duly acting Trustee. Said title was properly recorded in the Rock County Register of Deeds on July 21, 2021.
2. Plaintiff, as Trustee, has continuously managed, maintained, and overseen the subject property since acquisition. The property has been lawfully occupied by a tenant family for over twenty years, providing stable housing and generating rental income for the benefit of the Trust.
3. The subject property represents a substantial asset of the Trust and is essential to fulfilling the Trust's purposes and obligations to its beneficiaries.

## IV. FORECLOSURE CASE NO. 2023CV001076

1. On or about a date in 2023, Defendant Educators Credit Union initiated foreclosure proceedings against the subject property, filing Case No. 2023CV001076 in the Rock County Circuit Court.
2. ECU alleged in said foreclosure action that there existed a default under a promissory note and mortgage purportedly secured by the subject property.
3. The foreclosure court entered a judgment of foreclosure in favor of ECU, ordering the sale of the subject property.
4. Pursuant to said judgment, a sheriff's sale was conducted, at which Defendant Infinity Assets LLC purportedly purchased the subject property.
5. Following said sale, a sheriff's deed was executed in favor of Infinity Assets LLC, identifying Deputy Anthony Barr as the executing officer.
6. Said sheriff's deed was subsequently recorded in the Rock County Register of Deeds, purporting to convey title to the subject property from the foreclosure judgment debtor to Infinity Assets LLC.
7. The sheriff's deed, the foreclosure sale, the judgment of foreclosure, and the underlying foreclosure proceedings are fatally defective and void *ab initio* for the reasons set forth herein.

---

## V. GROUNDS RENDERING THE FORECLOSURE AND SHERIFF'S DEED VOID

### A. Lack of Jurisdiction Over the True Owner

1. At all times relevant to the foreclosure proceedings in Case No. 2023CV001076, legal and equitable title to the subject property was held by the Marilyn May Sloniker Living Trust, not by Plaintiff individually.
2. The Trust is a separate legal entity capable of holding title to real property under Wisconsin law.
3. The foreclosure complaint in Case No. 2023CV001076 failed to properly name the Marilyn May Sloniker Living Trust as a party defendant.
4. The Trust was never properly served with process in accordance with Wisconsin Statutes governing service upon trusts and trustees.
5. The Trust was never made a party to the foreclosure proceedings and had no opportunity to appear, defend, or assert its rights and interests in the subject property.
6. A court cannot adjudicate rights in real property held by a trust without obtaining jurisdiction over that trust through proper naming and service of process.
7. The failure to join the true titleholder as a necessary party deprived the foreclosure court of subject matter jurisdiction over the res—the subject property itself.
8. Lack of subject matter jurisdiction renders a judgment void *ab initio*, not merely voidable. *State ex rel. Flowers v. Department of Health & Social Services*, 81 Wis. 2d 376, 260 N.W.2d 727 (1978).
9. A void judgment may be attacked at any time, directly or collaterally, and is subject to being set aside upon proper motion or independent action. *Johnson v. Johnson*, 157 Wis. 2d 490, 460 N.W.2d 166 (Ct. App. 1990).

10. The judgment of foreclosure entered in Case No. 2023CV001076 is therefore void *ab initio* and of no legal effect.

### B. Lack of Standing and Failure to Prove Holder Status

1. To maintain a foreclosure action in Wisconsin, a plaintiff must establish standing by demonstrating that it is the holder of the promissory note or a person entitled to enforce the note under Wisconsin Statutes § 403.301.
2. Standing is a jurisdictional prerequisite that must be established before a court may adjudicate the merits of a foreclosure action. *Federal National Mortgage Association v. Thompson*, 2015 WI App 29, 361 Wis. 2d 163, 862 N.W.2d 529.
3. Upon information and belief, Defendant ECU failed to establish at any time during the foreclosure proceedings that it was in possession of the original wet-ink promissory note.
4. Upon information and belief, ECU failed to produce or authenticate the original promissory note bearing the obligor's original signature.
5. Upon information and belief, ECU failed to establish a complete and authenticated chain of assignments demonstrating how it acquired any interest in the note and mortgage.
6. Upon information and belief, ECU failed to prove that it had suffered any financial injury or had any pecuniary interest in the alleged debt.
7. Upon information and belief, ECU failed to demonstrate authority to enforce the note under Wisconsin Statutes § 403.301, which requires proof of possession of the instrument, rights in the instrument, or status as a nonholder in possession with rights of a holder.
8. A party lacking standing cannot invoke the jurisdiction of the court, and any judgment entered in favor of such a party is void for lack of jurisdiction.
9. The judgment of foreclosure entered in favor of ECU is therefore void *ab initio* for lack of standing.

### C. HUD/Funding Authorization Violations

1. The tenant lawfully occupying the subject property has received housing assistance through the Beloit Housing Authority pursuant to federal housing programs administered by the United States Department of Housing and Urban Development ("HUD").
2. Properties encumbered by mortgages involving HUD-insured or HUD-guaranteed loans, or properties where tenants receive HUD assistance, are subject to specific federal regulations governing foreclosure procedures.
3. Upon information and belief, the mortgage loan at issue was subject to HUD regulations requiring the mortgagee to obtain HUD consent or authorization prior to accelerating the loan or initiating foreclosure proceedings.
4. Upon information and belief, Defendant ECU never obtained the required HUD consent or authorization prior to accelerating the alleged debt or filing the foreclosure action.
5. Failure to comply with mandatory HUD mortgage servicing regulations constitutes a jurisdictional defect that renders the foreclosure proceedings void.
6. Federal law preempts state foreclosure procedures to the extent that state procedures conflict with or fail to incorporate mandatory federal requirements. *U.S. Const. art. VI, cl. 2* (Supremacy Clause).
7. The judgment of foreclosure is therefore void for failure to comply with applicable federal law.

### D. *Defective Sheriff's Deed*
1. The sheriff's deed executed in favor of Defendant Infinity Assets LLC derives its purported authority solely from the void judgment of foreclosure entered in Case No. 2023CV001076.
2. A deed executed pursuant to a void judgment conveys no title whatsoever. *Patton v. Mueller*, 93 Wis. 2d 415, 287 N.W.2d 199 (1980).
3. The sheriff's deed is void *ab initio* because it is founded upon a void judgment.
4. Upon information and belief, the sheriff's deed contains additional defects, including but not limited to inconsistencies between the judgment of foreclosure, the notice of sale, the conduct of the sale, and the deed itself regarding material terms such as the identity of the judgment debtor, the legal description of the property, and the amount of the judgment.
5. Upon information and belief, the sheriff's sale was not conducted in accordance with Wisconsin Statutes governing judicial sales, including requirements for notice, publication, and conduct of the sale.
6. The defective sheriff's deed conveys no legal or equitable interest in the subject property to Defendant Infinity Assets LLC.

### E. *Fraud on the Court and Abuse of Process*
1. Plaintiff is informed and believes, and on that basis alleges, that the foreclosure action was pursued without lawful authority and with knowledge of defects in standing and jurisdiction.
2. Upon information and belief, no party to the foreclosure proceedings was in actual possession of the original promissory note at the time the foreclosure was initiated or at any time during the proceedings.
3. Upon information and belief, Defendant ECU made representations to the foreclosure court regarding its status as holder or person entitled to enforce the note that were false, misleading, or unsupported by admissible evidence.
4. The foreclosure sale was conducted and the sheriff's deed was executed despite fatal jurisdictional defects that were known or should have been known to the parties involved.
5. Defendant Infinity Assets LLC and its agents, including Defendant Todd Sallinger, forcibly entered the subject property and took control of the premises before obtaining lawful possession.
6. Upon information and belief, Defendants broke into the warehouse portion of the subject property on the night before the scheduled eviction return date, removing or interfering with property belonging to Plaintiff and the Trust.
7. Such conduct constitutes fraud on the court, abuse of process, and conversion of property, warranting equitable relief including setting aside the void judgment and deed.

---

## VI. WRONGFUL LOCKOUT AND IMMINENT IRREPARABLE HARM
1. As a direct and proximate result of Defendants' wrongful actions, the tenant family that had lawfully occupied the subject property for over twenty years has been wrongfully displaced from their home.
2. Said tenant family has suffered substantial harm, including loss of stable housing, disruption of family life, and emotional distress.

3. Warehouse contents and other personal property belonging to Plaintiff and the Trust remain on the premises and are currently inaccessible to Plaintiff due to Defendants' wrongful assertion of control over the property.
4. Said property includes business assets, personal belongings, and items of substantial monetary and sentimental value.
5. Plaintiff faces imminent and irreparable harm, including permanent loss of property, loss of business assets, loss of rental income, and loss of the use and enjoyment of the subject property, if immediate judicial relief is not granted.
6. Plaintiff has no adequate remedy at law for the harms suffered and threatened, as monetary damages cannot restore possession of unique real property or prevent the continued wrongful dispossession.
7. The balance of equities weighs heavily in favor of Plaintiff, as Defendants claim title only through a void judgment and deed, while Plaintiff holds lawful title through the Trust.
8. The public interest favors protecting property rights, ensuring due process, and preventing the enforcement of void judgments.
9. Equity and justice demand immediate judicial intervention to restore Plaintiff's rights and prevent further irreparable harm.

## VII. CAUSES OF ACTION

### *FIRST CAUSE OF ACTION: Declaratory Judgment (Void Judgment)*

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. An actual controversy exists between Plaintiff and Defendants regarding the validity and legal effect of the judgment of foreclosure entered in Case No. 2023CV001076.
3. Plaintiff seeks a declaration pursuant to Wisconsin Statutes § 806.04 that said judgment is void *ab initio* for lack of subject matter jurisdiction, lack of standing, failure to join necessary parties, and failure to comply with applicable federal law.
4. Such a declaration is necessary and appropriate to resolve the controversy and provide Plaintiff with certainty regarding her rights and obligations.

### *SECOND CAUSE OF ACTION: Declaratory Judgment (Void Sheriff's Deed)*

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. An actual controversy exists between Plaintiff and Defendants regarding the validity and legal effect of the sheriff's deed purporting to convey the subject property to Defendant Infinity Assets LLC.
3. Plaintiff seeks a declaration pursuant to Wisconsin Statutes § 806.04 that said sheriff's deed is void *ab initio* because it is founded upon a void judgment and because it fails to comply with statutory requirements for execution and delivery of deeds following judicial sales.
4. Such a declaration is necessary and appropriate to resolve the controversy and provide Plaintiff with certainty regarding title to the subject property.

### THIRD CAUSE OF ACTION: *Quiet Title*
1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. Plaintiff, as Trustee of the Marilyn May Sloniker Living Trust, holds legal and equitable title to the subject property.
3. Defendants claim some interest in the subject property adverse to Plaintiff's title by virtue of the void judgment and void sheriff's deed.
4. Said claims constitute a cloud on Plaintiff's title that impairs the marketability and value of the property.
5. Plaintiff seeks a judgment pursuant to Wisconsin Statutes § 841.01 quieting title to the subject property in favor of the Marilyn May Sloniker Living Trust and declaring that Defendants have no right, title, or interest in the property.

### FOURTH CAUSE OF ACTION: *Slander of Title*
1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. Defendants have caused to be recorded in the Rock County Register of Deeds instruments purporting to convey or encumber the subject property, including the sheriff's deed in favor of Infinity Assets LLC.
3. Said instruments are false and without legal foundation, as they are based upon a void judgment.
4. Defendants knew or should have known that said instruments were false and without legal foundation.
5. Defendants recorded said instruments with the intent to claim an interest in the subject property and to interfere with Plaintiff's title.
6. As a direct and proximate result of Defendants' actions, Plaintiff has suffered special damages, including impairment of the marketability of the property, loss of rental income, costs of litigation, and other pecuniary losses.
7. Plaintiff is entitled to damages, costs, and such other relief as the Court deems just.

### FIFTH CAUSE OF ACTION: *Wrongful Foreclosure*
1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. Defendant ECU initiated and prosecuted foreclosure proceedings against the subject property without standing, without jurisdiction over the true titleholder, and in violation of applicable federal law.
3. Defendant ECU knew or should have known that it lacked standing and that the Trust was not properly joined as a party.
4. Defendant ECU's actions in pursuing the foreclosure were wrongful, oppressive, and in bad faith.
5. As a direct and proximate result of ECU's wrongful foreclosure, Plaintiff has suffered damages, including loss of possession, loss of rental income, emotional distress, and costs of litigation.
6. Plaintiff is entitled to compensatory damages, punitive damages, costs, and such other relief as the Court deems just.

### *SIXTH CAUSE OF ACTION: Injunctive Relief*

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. Plaintiff has no adequate remedy at law for the ongoing and threatened violations of her property rights.
3. Plaintiff will suffer immediate and irreparable harm if Defendants are not enjoined from continuing to assert control over the subject property and from taking further actions to dispose of or encumber the property.
4. The balance of equities weighs in favor of granting injunctive relief, as Plaintiff holds lawful title while Defendants claim only through void instruments.
5. The public interest favors protecting property rights and preventing the enforcement of void judgments.
6. Plaintiff seeks a temporary restraining order and preliminary injunction pursuant to Wisconsin Statutes § 813.02, enjoining Defendants from entering the subject property, selling or transferring the property, encumbering the property, interfering with Plaintiff's rights as Trustee, or taking any action based upon the void judgment or void sheriff's deed.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marilyn May Sloniker, as Trustee of the Marilyn May Sloniker Living Trust, respectfully prays that this Honorable Court grant the following relief:

A. A declaration pursuant to Wisconsin Statutes § 806.04 that the judgment of foreclosure entered in Case No. 2023CV001076 is void *ab initio* for lack of subject matter jurisdiction, lack of standing, failure to join necessary parties, and failure to comply with applicable federal law;

B. A declaration pursuant to Wisconsin Statutes § 806.04 that the sheriff's deed executed in favor of Defendant Infinity Assets LLC is void *ab initio* and conveys no legal or equitable interest in the subject property;

C. A judgment pursuant to Wisconsin Statutes § 841.01 quieting title to the subject property in favor of the Marilyn May Sloniker Living Trust and declaring that Defendants have no right, title, or interest in the property;

D. An order restoring possession of the subject property to Plaintiff as Trustee and to her lawful tenant;

E. A temporary restraining order and preliminary injunction pursuant to Wisconsin Statutes § 813.02, enjoining Defendants and their agents, employees, and all persons acting in concert with them from:

1. Entering upon the subject property;
2. Selling, transferring, conveying, or encumbering the subject property or any interest therein;
3. Interfering with Plaintiff's rights as Trustee or with the rights of the lawful tenant;
4. Taking any action based upon the void judgment or void sheriff's deed;

5. Removing, damaging, or interfering with any property belonging to Plaintiff, the Trust, or the tenant;

F. A permanent injunction containing the same provisions as the preliminary injunction;

G. Compensatory damages in an amount to be proven at trial for wrongful foreclosure, slander of title, and other torts committed by Defendants;

H. Punitive damages in an amount sufficient to punish Defendants and deter similar conduct in the future;

I. Costs of this action, including reasonable attorney fees to the extent Plaintiff retains counsel;

J. An order directing Defendants to account for all rents, profits, and other benefits derived from the subject property since the wrongful dispossession;

K. Such other and further relief as this Court deems just, equitable, and proper under the circumstances.

## VERIFICATION

STATE OF WISCONSIN )
) ss.
COUNTY OF ROCK )

I, **Marilyn May Sloniker**, being first duly sworn upon oath, depose and state as follows:

I am the Plaintiff in the above-captioned action and the duly appointed and acting Trustee of the Marilyn May Sloniker Living Trust. I have read the foregoing Verified Complaint for Declaratory Judgment, Quiet Title, and Injunctive Relief, and I know the contents thereof. The facts alleged in said Complaint are true and correct to the best of my knowledge, information, and belief. I make this verification under penalty of perjury pursuant to Wisconsin Statutes § 807.13.

I declare under penalty of perjury under the laws of the State of Wisconsin that the foregoing is true and correct.

Executed on this 9 day of December, 2025.

_Marilyn May Sloniker_
Marilyn May Sloniker, Trustee
Marilyn May Sloniker Living Trust

STATE OF WISCONSIN )
) ss.
COUNTY OF ROCK )

Subscribed and sworn to before me on this 9th day of December, 2025.

_Kristine Kleisner_
EXP 05-19-2027